The Honorable Curtis A. Golden State Attorney First Judicial Circuit of Florida Post Office Box 12726 Pensacola, Florida 32575 Attention: Mr. William P. White, Jr. Assistant State Attorney
Dear Mr. Golden:
You have asked my opinion of the following question:
 May a vendor of real or personal property who is not a "retailer" of lottery tickets as defined in s. 24.103(6), F.S., advertise and give lottery tickets to purchasers of real or personal property in connection with cash or credit sales transactions?
In summary:
 While sales of lottery tickets are authorized under Ch. 24, F.S., only through "retailers" as defined in s. 24.103(6), F.S., gifts of such tickets are not prohibited. Thus, when lottery tickets are given by a vendor of goods or realty in a legitimate promotion of his trade, the transfer of the tickets is not an unauthorized sale within the meaning of Ch. 24 even though the vendor is not a "retailer."
According to your letter, a local car dealership has proposed a plan in which state lottery tickets would be provided to purchasers of motor vehicles sold by that dealer. The fact that lottery tickets are given with the purchase of that dealer's product would be advertised to the general public. You have further stated that the business involved is not one authorized under state law to sell lottery tickets and that the transfer of tickets would not be made without a purchase of the dealer's goods.
Chapter 24, F.S., the "Florida Public Education Lottery Act" (act) was enacted to implement s. 15, Art. X, State Const.[1] The act provides for the sale of lottery tickets to the public on behalf of the Department of Lottery (department) through "retailers" pursuant to a contract.[2] The qualifications and duties of a "retailer" are set forth in s. 24.112, F.S. The sale of lottery tickets by persons not authorized by the department is unlawful.[3]
Gifts of lottery tickets, however, are not proscribed by the act but are clearly anticipated.[4] The pivotal question in your inquiry, therefore, is whether the transfer of lottery tickets incident to a sale of a dealer's goods constitutes an unauthorized "sale" of lottery tickets under the act or whether the transfer is to be considered a "gift" made in a legitimate promotion of trade. A "sale" according to the Uniform Commercial Code, s. 672.106(1), F.S., is defined as the passing of title from the seller to the buyer for a price. Further, Black's Law Dictionary 1200 (Rev'd. 1979), defines "sale" as follows:
 A contract between two parties, called, respectively, the "seller" (or vendor) and the "buyer" (or purchaser), by which the former, in consideration of the payment or promise of payment of a certain price in money, transfers to the latter the title and the possession of property. . . .
A "gift," on the other hand, is defined in Black's Law Dictionary 619 (Rev'd. 1979), as follows:
 A voluntary transfer of property to another made gratuitously and without consideration. . . .
There is no indication in your inquiry that the price to be paid to the purchaser for the goods normally sold in the dealer's business would in any manner be changed because lottery tickets are to be given with the sale of those goods. Thus, the essential element of consideration requisite to support a "sale" of lottery tickets would not be present. The transfer of the tickets would be in the nature of a gift incidental to the sale.[5]
"Gifts" by sellers in the legitimate promotion of trade have been authorized under Florida law provided the offer is made without deception and with full disclosure of any requirement for purchase or contractual obligations to be assumed in order to qualify for the gift.[6] The Legislature has expressly declared its intent not to prohibit gifts in legitimate promotions of trade.[7] As gifts of lottery tickets are not prohibited under the Florida Public Education Lottery Act, the scheme in your inquiry would be valid where the transfer is in actuality a promotional gift and the price of the goods sold by the dealer is not affected.
I, therefore, conclude that your question should be answered in the affirmative.
Sincerely,
Robert A. Butterworth Attorney General
[1] Section 15(a), Art. X, State Const., provides that "[l]otteries may be operated by the state."
[2] Section 24.103(6), F.S., defines "[r]etailer" as "a person who sells lottery tickets on behalf of the department pursuant to a contract."
[3] Section 24.117(1), F.S., provides that any person who knowingly "[s]ells a state lottery ticket when not authorized by the department [of lottery] or this act to engage in such sale" is guilty of a misdemeanor of the first degree punishable as provided in s. 775.082 or s. 775.083.
[4] See, e.g., s. 24.115(1)(b), F.S., which states that no prize shall be paid to any person under the age of 18 years unless the winning ticket was lawfully purchased and made a gift to the minor.
[5] Compare, Sheppard v. Revlon, Inc., 267 So.2d 662 (3 D.C.A.Fla., 1972), where with the purchase of a certain quantity of goods, an additional item was given to the purchaser, the additional item was held to be part of the "sale" within the meaning of s. 672.106, F.S., and not a "gift." However, the offer in that case was made in 1968, prior to the enactment of the Florida Free Gift Advertising Law, s. 817.415, F.S., which authorizes use of gifts in the promotion of trade.
[6] Section 817.415, F.S.
[7] Section 817.415(1)(c), F.S.
 (1) LEGISLATIVE INTENT (c) It is not the intent of the Legislature to prohibit the use of gifts in legitimate promotions of trade so long as the advertising of such gifts and promotions makes full disclosure of any requirement for purchase or contractual obligations to be assumed in order to qualify for the gift.